22    CASES IN THE SURROGATE'S COURT.

THE PROBATE OF A PAPER PROPOUNDED AS EDWIN P. CHRISTY'S WILL.

## The Probate of a Paper Propounded as EDWIN P. CHRISTY'S Will.

No counsel fees can be allowed by a Surrogate on a probate proceeding.

SAMUEL JONES *and* CHARLES K. SMITH, *for the Motion.*
A. W. BRADFORD *and* PARIS G. CLARK, *against.*

THE SURROGATE.   In this matter the contestants of the will move for an order that a suitable and proper sum of money be allowed out of the estate as a counsel fee to the contestants or their counsel.   The motion is based on an affidavit of E. Byron Christy, one of the contestants, to the effect that the property of Edwin P. Christy, at his death, amounted to over $100,000 in value; that the litigation, concerning the alleged will, will probably be long and tedious; that the contestants possess no means of their own to fee counsel to present their claims to the Courts; and that unless a suitable sum be allowed for such purpose out of the estate of the decedent, the contestants may be forced to abandon their claim to the estate and the contest of the will, or to rely upon their counsel voluntarily to prosecute the matter.   It further sets forth that the collector of the estate has some $10,000 to $12,000 of personal property of the estate already reduced to possession and in his hands.

The motion is opposed by P. G. Clark, named as executor in and one of the proponents of the will in contest, denying the power of the Surrogate to make allowance of counsel fees, and advising the Surrogate in his points that " if, as has been suggested " by the opposite counsel, " a practice has grown up in the Surrogate's Court to make allowances for counsel fees, it is wrong, and the sooner the practice is corrected the better, since wrong cannot be sanctified by long continuance."

' I perfectly agree with this view of my duty, and where I have no power to allow counsel fees, I have been and

shall be careful not to allow them. It is an error to suppose that there is any "practice" in this Court to award them in any case where the parties do not fully and freely consent. I have, from the moment of first taking my seat here, resolutely refused to disregard the decision made by the Chancellor in 6th Paige, 17 and 18.

In that case it was held that the "costs which had been taxed and allowed, so far at least as counsel fees are included therein, were not such costs as the Surrogate had any right to award to one party against another, or to direct to be paid out of the estate of the decedent." And the Chancellor added, that "it was not the intention of the Legislature to leave it to the several Surrogates to make an arbitrary allowance for services and counsel fees."

The present case, as set forth in the affidavit of the contestant of the will, may be, and probably is, one of hardship, but I see no means to remedy it. I have clearly no power to allow counsel fees out of this estate. The Legislature and the higher Courts have decided that litigation in the Surrogate's Court must be regulated by the Common Pleas costs, as they were, in 1837, determinable at the end of the proceeding.

. Where parties consent, I shall be ready to make a fair and reasonable allowance to counsel out of the estate; but where an application of this nature is resisted on the ground of want of jurisdiction, I shall not risk the censure of a higher Court, on appeal, in a matter so plain.

Motion denied.